Brevard, J.
Two questions have been made and argued, and are submitted for the decision of this court: 1. Whether the plaintiffs are entitled to recover. 2, Whether the discount set up ought not to have been allowed.
With respect to the first point, from the information I have been able to collect from the 'arguments, and the statement of the judge, who presided at the trial, as to the evidence ; and from the best judgment I have able to form thereon, I am of opinion that the plaintiffs are entitled to recover. No proof seems to have been brought home to the jury, to persuade them that Hall, the agent, was acquainted with any circumstances, at the time when he procured the policy to be underwritten, which, in the then state of things, it was incumbent on him to disclose. It could not have been foreseen, nor could he reasonably presume, that the vessel in question would be captured, and condemned by the French, contrary to the law of nations, and contrary even to the regulation of *143 the French themselves: for the condemnation does not appear to be warranted by either of the French proclamations cited in the argument. If this policy is avoidable, it must be on the ground .of concealment, for it does not appear that there was any positive misrepresentalion. It has been contended that the state of things in the West Indies, where Hall was, was critical, and doubtful, and such as must have inspired him with apprehensions respecting the risk of the vessel on her homeward passage; which doubts and apprehensions he ought to have communicated, for that these circumstances, if they had been disclosed, would have enhanced the premium : and these being suppressed, and concealed from the insurers was such a deceit as vitiates and nullifies the policy. But, I think, the insured is not bound to discover this kind of circum. stances, which lie in speculation and apprehension only; unless the general impression should be such as to make the idea of greater risk, induce a general inclination to raise the premium. But this was not the case here from any thing that has appeared to us. Upon the whole, as the question of concealment turned altogether on matters of fact, and depended on the weight of evidence, which the jury ought to consider and decide on, being a' matter entirely within their province ; I must presume they have done their duty impartially and justly, as I have no right to presume otherwise : and therefore, I think their verdict ought to stand. 2 Str. 1142. 3 Wils. 47. Doug. 359. 2 Burr. 665. Cowp. 37. 2 Wils. 240. 1 Wils. 22.
With respect to the other point, I have had considerable doubts. If we are to look no further than the policy, and the assignments, it will appear to be the property of Russell. Mr. Russell was allowed to disclaim his interest, and to nullify the assignment to himself ; whereupon it appeared to revert to Thayers & Sturgis, who had assigned it to Russell, and to whom it had been previously assigned by the present plaintiffs. If we stop here, Thayers & Sturgis must appear to be the real plaintiffs in this action, and in that case the discount is admissible. Russell’s testimony did not go to impair or discredit the instrument assigned to him, but to support and explain it. He swore against his own interest, and, therefore, was the best witness that could be brought. I think his evidence was properly admitted, and that it fully proved the fact it was produced to prove. But, on the other side, it has been insisted, that' the plaintiff had a right to shew, that when this action was instituted the real owners of this policy were not Thayers & Sturgis, but William and James Thayer; and, consequently, that the dis *144 count was not between the same parties. The evidence to cstaiiPosi^o*1 v,,as admitted and on the same principle that Russell’s was. The whole evidence as to that, seems somewhat' complicated and doubtful; but as the jury had it all before them," and have decided on it, I cannot pretend to say they have not decided rightly. As to the propriety of admitting such proof, I am of opinion that it is warranted by former decisions in this State, turning on the same principle, and, particularly, by the decision in the case of Russell v. Lithgow. 1 Bay, 437.
Tkezevant, J.
I think Hall fnusl have known the material circumstances in question previously to the prosecution of the policy. The presumption arising from the nature of the case, and facts conceded, is extremely strong to induce this belief; and there was no evidence it seems to contradict such a presumption. This presumption, therefore, I am of opinion ought to have been deemed sufficient, until it was rebutted by some other evidence.- These circumstances, which I think he did know, he ought to have disclosed, and his not having done so, was such a concealment as vitiates the policy. He must have known of the French proclama, tions, and he ought to have made known to the underwriters, that such proclamations had been made, for he might suspect they were not acquainted therewith ; and it does not appear that they did know of them in time. It is not known when they were promulgated, and known in this country. I, therefore, think there should be a new trial on this ground.
It is not necessary that I should deliver any opinion on the other point respecting the discount.
Johnson, J.
Fair dealing is the great principle by which all policies of this kind must be supported. Hall must be considered in the light of an ordinary correspondent, and not in that of a special agent, writing expressly with a view to insurance ; and, there, fore, his neglect in making a full representation, shall not be im* puted to the plaintiffs as if he had been specially employed by them to negotiate the policy. But admitting their liability in its greatest legal extent, it does not appear, satisfactorily, that there was such a concealment of material circumstances, which were in the knowledge of Hall, or the plaintiffs, at the time when the policy was effected, as ought to avoid the policy. On the part of Hall I cannot think there was, either a suppressio veri, or suggestio falsi. 1 do not feel myself authorised to presume any thing of this sort against the finding of the jury.
This case as it respects the discount, is clearly withitj the pritj *145 ciple established in the case of Russell v. Lithgow. supra. That ease was stronger than this, for Lithgow’s discount was merely equitable, and set up against a legal claim. -